**ZENO BAUCUS**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Box 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: zeno.baucus@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**



FILED
JAN 0 3 2022
Clerk, U S District Court
District Of Montana
Billings

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-92-BLG-SPW |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| ETHAN ANDREW SCHILLING, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Zeno B. Baucus, Assistant United States Attorney for the District of Montana, and the defendant, Ethan Andrew Schilling, and his attorney, David Merchant, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant. It does not bind any other

ZBB    EAS    DM

1

federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** Defendant agrees to plead guilty to the superseding information, which charges Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). This offense carries a maximum punishment of 20 years of imprisonment, a $250,000 fine, a minimum of five years with a maximum of lifetime supervised release, a $17,000 special assessment, and a $5000 special assessment.

At the time of sentencing, provided the defendant complies with the plea agreement, the United States will move to dismiss the Indictment.

The defendant agrees to pay restitution in the amount of no less than $3,000 per victim to any victim who may be identified and requests restitution prior to sentencing, with the caveat that if the total number of victims results in an amount of restitution exceeding $50,000 total, neither party shall be bound by this paragraph and the restitution amount will be litigated or renegotiated.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) dismisses the Indictment at sentencing; and b) makes the recommendations

ZBB    EAS    DM

2

provided below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge in the superseding information. In pleading guilty, the defendant acknowledges that:

1. The defendant knowingly possessed any matter that contained an image of child pornography, as defined in Title 18 United States Code Section 2256(8);

2. That such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

3. The defendant knew that such items constituted child pornography.

The defendant also acknowledges that he knowingly possessed at least one image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age.

5. **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

ZBB    EAS    DM

3

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

_ZBB_ _EAS_ _DM_

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*.

                ZBB    EAS    DM

By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless he is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the

ZBB   EAS   DM

U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waiver - General:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Sexual Offender Requirements and Agreement to Comply:** The defendant will obtain a sexual offender evaluation and complete a polygraph examination prior to sentencing. In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement. The defendant agrees

_ZBB_  _EAS_  _DM_

7

that all results of evaluation and testing will be released to the Court, United States Attorney's Office, and the United States Probation Office prior to sentencing. The defendant expressly and specifically waives any medical or other privacy right, privilege, or objection to such disclosure. The defendant will successfully complete any treatment recommended and will register, as required by law, as a sexual offender. With the exception of his own children, the defendant agrees to have no contact with minor children except when other adults are present. The defendant and the United States stipulate and agree that the terms outlined in this provision will be made a part of the judgment in this case if the Court accepts this agreement.

11. **Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or

_ZBB_  _EAS_  _DM_

student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

12. **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. **Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

14. **Breach:** If defendant breaches the terms of this agreement, or

ZBB    EAS    DM

commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
Zeno B. Baucus
Assistant U. S. Attorney
Date: 1/3/23

_____
Ethan Andrew Schilling
Defendant
Date: 12/19/22

ZBB   EAS   DM

_____
David Merchant
Defense Counsel
Date: December 19, 2022

ZBB    EAS    DM

11