**ZENO B. BAUCUS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone:  (406) 657-6101**
**FAX:  (406) 657-6989**
**E-mail:  zeno.baucus@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 22-92-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES'** **SENTENCING MEMORANDUM** |
| **ETHAN ANDREW SCHILLING,** | |
| **Defendant.** | |

The United States of America, represented by Zeno B. Baucus, Assistant

U.S. Attorney for the District of Montana, provides the Court with a memorandum

in aid of sentencing of Schilling.

1

## INTRODUCTION

On August 18, 2022, Schilling was charged in an Indictment with Distribution of Child Pornography.  Pursuant to a plea agreement entered into between the parties, he subsequently entered a guilty plea to a single-count Information, charging Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The PSR has determined Schilling's recommended guideline range is 51 to 63 months.  PSR ¶ 57.  Neither party has any objections to the PSR and sentencing is currently scheduled for August 16, 2023.

## FACTUAL NARRATIVE

At the end of March 2022 Schilling elected to go online and began to communicate with someone on a social media platform.  PSR ¶ 10.  The individual corresponding with Schilling purported to be the uncle of a 12-year-old girl and during the communications Schilling expressed a sexual interest in the child.  PSR ¶ 12.  Schilling pushed, inquiring when they were going to get together and the individual on the other line asked Schilling if he had any sexually explicit conduct to trade.  After initially indicating that he did not, Schilling obliged and sent two videos of a minor engaged in sexually explicit conduct.  PSR ¶ 12.  The other person on the other line that Schilling communicated with was an undercover law enforcement officer.

2

On May 12, 2022, law enforcement searched Schilling's residence in Billings pursuant to a search warrant.  During that search Schilling agreed to be interviewed.  He stated, among other things, that he had sent the child pornography referenced above, admitted to talking to a 12 year old child, and acknowledged that it was illegal to send such content.  PSR ¶ 13.

## SENTENCING ARGUMENT

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Certain of the factors pursuant to 18 U.S.C. § 3553 are particularly relevant in determining the defendant's sentence.   It is important to note, however, that the Guidelines are the "starting point," and only one factor for a court to consider in drafting an appropriate sentence. *United  States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *United States v. Gall*, 552 U.S. 38, 50 (2007).  In the instant action, the PSR has calculated a guideline range of 51 to 63 months.  PSR ¶ 57.  Based on the seriousness of the offense and need to adequately deter Schilling and protect the public, the United States recommends a sentence of 63 months followed by lifetime supervised release.

**A.     The Need for the Sentence to Reflect the Seriousness of the Offense**

Possession of child pornography is a serious offense that causes grave harm to the children depicted in the images.  Here, however, Schilling's conduct was worse that then the simple possession of these horrific images.  During discussions with someone that Schilling believed had access to a potential 12-year-old victim, he distributed two videos of child sexual abuse material.   In short, Schilling had no qualms with sending child pornography out into the world – and furthering the exploitation of the victim in those videos – all in the context of discussing a possible hands-on offense with another victim.  Schilling's conduct was extremely serious, and it is why courts have imposed significant sentences for possession of child pornography.  *United States v. Nam Ngoc Nguyen*, 503 F. App'x. 506 (9th Cir. 2012) (121 months for possession of child pornography); *United States v. Halbert*, 471 F. App'x. 665 (9th Cir. 2012) (120 months for possession of child pornography).

**B.     The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and Protect the Public**

One of the principle factors for a sentencing court to review under 18 U.S.C. § 3553 is the need to deter criminal conduct.  Schilling's sentence should be significant in order to deter any future criminal conduct by him or others.   As stated in *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007),

4

"[s]entences influence behavior, or so at least Congress thought when in 18 U.S.C.
§ 3553(a) it made deterrence a statutory sentencing factor.  The logic of deterrence
suggests that the lighter the punishment for downloading and uploading child
pornography, the greater the customer demand for it and so the more will be
produced."  *See also Goff*, 501 F.3d at 261 (stating in child pornography
possession case that "deterring the production of child pornography and protecting
the children who are victimized by it are factors that should have been given
significant weight at sentencing"); *United States v. Camiscione*, 591 F.3d 823, 834
(6th Cir. 2010) (district court did not adequately consider how its "admittedly
'lenient' sentence would deter others generally from purchasing and viewing child
pornography.").

Schilling's conduct strongly supports a significant sentence based on the
need to deter future conduct and protect the public.  First, as noted above Schilling
distributed child pornography for the purpose of furthering his pursuit of a hands-
on offense against a child.

Moreover, when confronted by law enforcement on May 12, 2022, during
the execution of a search warrant at his residence, Schilling was less than
forthcoming.  While acknowledging that he sent the videos of child pornography,
he offered the highly questionable position that it was not his intent to commit a
hands-on offense with a child even though he expressed the specific intent during

the communication with the undercover officer.  Instead, and contrary to any evidence, Schilling opined that he actually wanted to "get the guy in trouble" that was offering up his niece.   PSR ¶ 13.  The record does not support this and demonstrates Schilling's intent to pursue a minor victim.

Finally, it is worth noting that after he entered his guilty plea and was pending sentencing Schilling engaged in conduct that calls into question if he understands the severity of his conduct.  Despite being instructed not to, and even though it was a smartphone that led him to commit the instant offense, in June 2023 he was found to be in possession of such a device while it was connected to the internet.  Doc. 28-2, page 3.  The internet and a cellphone were largely his conduit to the instant offense.  *See United States v. Rearden,* 349 F.3d 608, 621 (9th Cir. 2003)  (There is a "strong link between child pornography and the Internet, and the need to protect the public, particularly children, from sex offenders.").   His apparent failure to grasp that and abide by required conditions counsels towards a significant sentence.

**Sentencing Recommendation:**

Therefore, the United States recommends a sentence of 63 months followed by lifetime supervised release.

//

//

6

DATED this 2nd day of August, 2023.

JESSE A. LASLOVICH
United States Attorney

/s/  *Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE
L.R. 5.2(b)

* * *

I hereby certify that on August 2, 2023, a copy of the foregoing document

was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.    Clerk, U.S. District Court

2.    David Merchant
      Attorney for Defendant

/s/  *Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U.S. Attorney

8